UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEXANDER C. JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00986-SEB-DML |
| | ) |
| TIFFANY LYNN CLARK, | ) |
| BART FERRARO Dr., | ) |
| BOONE COUNTY CIRCUIT COURT, | ) |
| | ) |
| Defendants. | ) |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

**Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 6] is GRANTED.  28 U.S.C. § 1915(e).  While *in forma pauperis* status allows the plaintiff to proceed without pre-payment of the filing fee, he remains liable for payment of the full amount of the fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").  No payment is due at this time.

**Screening the Complaint Under 28 U.S.C. § 1915**

When a plaintiff is permitted to proceed *in forma pauperis*, the Court has an obligation to ensure that his complaint is sufficient.  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*  Dismissal under this statute is an exercise of the Court's discretion.

1

*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  Put differently, it is not enough for Plaintiff to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to be able to infer the ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).  *Pro se* complaints such as that filed by Plaintiff here are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Plaintiff has brought suit against Tiffany Lynn Clark, his former romantic partner and the mother of his child, as well as against the Boone Circuit Court (Indiana) and Dr. Bart Ferraro, a court-appointed mental health professional. Plaintiff's complaint charges Defendant Clark with various forms of malfeasance, beginning with an alleged sexual

assault in March 2015. Plaintiff claims that Ms. Clark sexually assaulted him while he was in a "state of incoherence," resulting in her pregnancy. Ms. Clark then threatened to terminate her pregnancy unless Plaintiff moved to Indiana with her, says Plaintiff. Later that year, in September 2015, Ms. Clark allegedly stole Plaintiff's identity and committed tax fraud.

According to Plaintiff, Ms. Clark's bad acts continued in 2018. In May 2018, Ms. Clark endangered the life of the couple's child by "placing him in the presence of [*sic*] registered sex offender." Ms. Clark succeeded in securing a protective order against Plaintiff, which resulted in his becoming homeless and prompted the Boone Circuit Court to "remove" his right to own a gun, in violation of the Second Amendment to the United States Constitution. The Boone Circuit Court also allegedly stripped him of visitation rights with his child. Plaintiff asserts that court officials, including Dr. Ferraro, were bribed by Ms. Clark's family to violate his civil and parental rights. Plaintiff seeks $1 million in damages and an order permitting him to "be involved in [his] son's life."

After careful review, we find that Plaintiff's complaint warrants dismissal on several grounds.

### 1. Plaintiff Cannot Bring Criminal Charges Against Defendants

Plaintiff argues that Ms. Clark has committed various federal and state crimes, including: Aggravated Sexual Abuse, 18 U.S.C. § 2241; Fraud and Related Activity in Connection with Identification Documents, 18 U.S.C. § 1028; and Interference with Custody, Ind. Code. § 35-42-3-4. However, criminal statutes (including those identified by Plaintiff) generally do not create private causes of action. Stated more succinctly, a

3

private individual may not file criminal charges against another person. Criminal proceedings are initiated by a properly authorized prosecutor who acts on behalf of the government and often in coordination with a law enforcement agency. *Norman v. Campbell*, 87 Fed.Appx. 582, 584 (7th Cir. 2003); *Perales v. United States Dep't of Justice*, 2017 WL 4535702, at *1 (S.D. Ind. July 7, 2017); *Granberry v. Bright Ideas in Broad Ripple, Inc.*, 20 N.E.3d 925 (Ind. Ct. App. 2014). If Plaintiff believes that criminal charges should be brought against Ms. Clark, he should report his claims to the appropriate law enforcement official(s).

> **2. The Federal Civil Statutes Cited by Plaintiff Do Not Create/Authorize Private Causes of Action**

Plaintiff has also invoked the Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5101, *et seq.* Although a civil statute, it does not provide for a private cause of action. *Sheetz v. Norwood*, 608 Fed. Appx. 401, 405 (7th Cir. 2015) ("[T]he federal courts of appeal that have considered the issue have uniformly rejected arguments that provisions of CAPTA create a private right."). Rather, this federal statute is enforced and otherwise effectuated by the Secretary of the United States Department of Health and Human Services. *See* 42 U.S.C.§ 5101.

Plaintiff also claims he was subjected to discrimination as prohibited by 42 U.S.C. § 1981, which provides in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws  . . . as is enjoyed by white citizens." However, Section 1981

also does not authorize a private cause of action against state officials.[1] *Barnes v. Bd. of Trustees of Univ. of Illinois*, 946 F.3d 384, 389 (7th Cir. 2020) ("Barnes also invokes 42 U.S.C. § 1981, but that statute does not create a private right of action against state actors. Rather, § 1983 is the exclusive remedy for violations of § 1981 committed by state actors.") (internal citations omitted).

### 3. Our Court Does Not Have Legal Authority to Review the State Court's Rulings

Plaintiff requests that we overrule the state court's ruling terminating certain custody and visitation rights with his child. This request is beyond the purview of our Court, notwithstanding the fact that Plaintiff has also failed to present any specific cognizable legal claims. First, it is well-established that federal courts do not have subject matter jurisdiction to adjudicate custody disputes.[2] *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). Additionally, the firmly established rule of law referenced as the *Rooker-Feldman* doctrine bars federal district courts, such as ours, from reviewing or overturning a state cour's ruling(s). *Scully v. Goldenson*, 751 Fed. Appx. 905, 908 (7th

---

[1] Moreover, no specific allegations of discriminatory conduct have been laid out in Plaintiff's compaint against any defendant. Plaintiff does not state that he has suffered any disparate treatment due to his race, nor does he provide any details as to how he was discriminated against.

[2] "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Budahy v. Wis. House. & Exon. Dev. Auth.*, 776 F.3d. 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter-jurisdiction, the court must dismiss the action.").

Cir. 2018); *Remer v. Burlington Area Sch. Dis*t., 205 F.3d 990, 996 (7th Cir. 2000) ("[T]the *Rooker–Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment . . . no matter how erroneous or unconstitutional the state court judgment may be[.]"). The *Rooker-Feldman* doctrine likewise forecloses our review of the state court's restrictions on Plaintiff's gun ownership rights. Should Plaintiff wish to contest these rulings, he must do so through the process of appellate review in the state courts.

### 4. Plaintiff's Claims Against the Boone Circuit Court Must Also Be Dismissed

Plaintiff names the Boone Circuit Court as a defendant. To the extent Plaintiff is seeking to recover damages on the grounds that Boone County judges have issued erroneous judicial determinations, his complaint must be dismissed. Judges are entitled to judicial immunity from lawsuits seeking monetary damages for any decision rendered or actions taken in their judicial capacity. This holds true even if their actions were taken in bad faith or with malice. *Mireles v. Waco*, U.S. 9, 11 (1991); *Dennis v. Sparks*, 449 U.S. 24, 24 (1980).

## Conclusion

Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. [Dkt. 6]. His Complaint [Dkt. 1], however, is DISMISSED for the reasons set forth above.  This dismissal is without prejudice, meaning that Plaintiff may file a new complaint that complies with the rulings in this Order. If Plaintiff chooses to file an amended complaint,

it must be filed WITHIN THIRTY DAYS of the date of this Order. Thereafter, he risks losing his right to file a lawsuit for good.

   IT IS SO ORDERED:

Date: 4/29/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALEXANDER C. JOSEPH
11751 Thomaston Circle
Parker, CO 80134